ORDER

PER CURIAM.
Lester R. Mitchell, the Department of Commerce, and Merit Systems Protection Board each respond to the court’s February 2, 2006 order concerning the timeliness of Mitchell’s petition for review.
Mitchell sought to reopen an earlier Board case. The Board denied Mitchell’s motion to reopen and informed Mitchell that its decision was final and that any petition for review must be received by this court within 60 calendar days of receipt of the Board’s decision. Mitchell v. Dep’t of Commerce, 100 M.S.P.R. 415 (2005). The Board served its decision on Mitchell via electronic mail on October 18, 2005. Pursuant to the Board’s regulations, Mitchell is deemed to have received the decision on the date it was served on him *341 via electronic mail (“Board documents served electronically on registered e-filers are deemed received on the date of electronic submission.” 5 CFR § 1201.14(1)). Thus, Mitchell is deemed to have received the Board’s decision on October 18, 2005. The court received Mitchell’s petition for review on January 3, 2006, 77 days later.
Mitchell does not contest that his petition is untimely. He states that he was busy with work and school and believed he had 90 days, rather than 60 days, to file his petition.
Our review of a Board decision is governed by 5 U.S.C. § 7703(b)(1), which provides that “Notwithstanding any other provision of law, any petition for review must be filed within 60 days after the date the petitioner received notice of the final order or decision of the Board.” This filing period is “statutory, mandatory, [and] jurisdictional.” Monzo v. Dep’t of Transportation, 735 F.2d 1335, 1336 (Fed. Cir.1984). Thus, Mitchell’s petition for review was due in this court within 60 days of receipt of the Board’s final decision, i.e., by December 19, 2005. Because Mitchell’s petition for review was received on January 3, 2006, 15 days late, the court must dismiss Mitchell’s petition as untimely.
Accordingly,
IT IS ORDERED THAT:
(1) The petition for review is dismissed as untimely.
(2) Each side shall bear its own costs.